Geoffrey E. Wiggs (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 South Norfolk Street, Suite 350
San Mateo, California 94403-1171
Telephone Number: (650) 577-5952
Facsimile Number: (650) 577-5953
Email Address: geoff@wiggslaw.com

J. Erik Heath, Esq. (SBN 304683)
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone Number: (415) 391-2391
Email Address: erik@heathlegal.com

**(1)**

Attorneys for Plaintiff
**DIANA CARDONA**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA CARDONA,<br>        Plaintiff,<br><br>v.<br><br>LINCOLN D. GARDNER, P.C.; and DOES 1<br>through 10, inclusive,<br>        Defendants. | **Civil Action No. 4:16-cv-02426**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**11 U.S.C. § 1692** *et seq.* |

     Diana Cardona, Plaintiff, brings this action against Lincoln D. Gardner, P.C., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

     1.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

COMPLAINT                               **4:16-cv-02426**

2.      Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district.  *See* 28 U.S.C. § 1391(b)(1).

3.      Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## PARTIES

4.      Plaintiff **DIANA CARDONA** is a citizen of the United States, and currently lives in Pleasanton, California.

5.      Defendant **LINCOLN D. GARDNER, P.C.** ("LDG"), is a California professional corporation, who regularly collects or attempts to collect debts.  LDG's principal office is in San Clemente, California, and LDG may be served with process through its registered agent, Lincoln D. Gardner, 2340 S. El Camino Real, Suite 12, San Clemente, California, 92672.

6.      The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, ROES 1 through 20, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

## FACTUAL BACKGROUND

7.      On or around September 8, 2015, Plaintiff financed the purchase of a 2013 Volkswagen Jetta (hereinafter the "Vehicle") from Volkswagen of Oakland, who later assigned the consumer finance contract to A-L Financial Corp ("A-L").

8.      On or around December 2015, A-L began a series of harassing and abusive phone calls to Plaintiff, her friends, family, and employer, regarding a purported debt owed on the Vehicle.

9.      On or around February 1, 2016, Plaintiff was terminated from her employment due to the volume and content of the debt collection phone calls her and her employer were receiving from A-L at her place of employment.

COMPLAINT                                                                 4:16-cv-02426

10.     On or around February 3, 2016, Defendant LDG mailed Plaintiff a letter through the mails, attempting to collect the purported debt.

11.     Among other language, the letter contained the following notice (the "Notice"): This debt will be assumed to be valid unless you dispute its validity or any part thereof within thirty (30) days after receiving this letter.  If you notify me that the debt is disputed within thirty (30) days, I will mail you a verification of the debt.  I will also provide you with a name and address of the original creditor upon your request within thirty (30) days of the date of this letter.

(*See* Ex. A.)

12.     The Notice fails to meet the requirements of 15 U.S.C. § 1692g.

13.     The Notice is misleading for at least the following reasons:

   a.    The first sentence fails to inform the consumer that her verification rights are not triggered unless the dispute is in writing;

   b.    Its second sentence fails to inform the consumer that a dispute of any portion of the debt would require verification to be mailed; and

   c.    The last sentence suggests that such information would be provided without any further action by the consumer, and it also shortens the request window to thirty (30) days "of the date of this letter" rather than 30 days after receipt.

14.     On account of the misleading Notice, Plaintiff has suffered an informational injury about her rights.

### CAUSE OF ACTION: 15 U.S.C. § 1692g
### FAIR DEBT COLLECTION PRACTICES ACT

15.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

16.     Defendant LDG is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17.     Defendant LDG uses the mail and telephone communications in its business.

18.     Defendant LDG regularly collects or attempts to collect debts asserted to be due to another.

19.     Defendant LDG's violations of the FDCPA include, but are not necessarily limited to, misleading statements of a consumer's verification rights under 15 U.S.C. § 1692g.

20.     As a result of Defendant LDG's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

**WHEREFORE,** Plaintiff, DIANA CARDONA, requests that this Court:

(a) Award Plaintiff actual and statutory damages;

(b) Award Plaintiff attorney's fees, litigation expenses, and court costs; and

(c) Grant Plaintiff/Debtor such other and further relief as is just and proper under the circumstances.

Dated: <u>May 4, 2016</u>                      LAW OFFICES OF GEOFF WIGGS

J. ERIK HEATH, ATTORNEY AT LAW

*/s/ Geoffrey E. Wiggs*

GEOFFREY E. WIGGS
Attorneys for Plaintiff

COMPLAINT                                                                4:16-cv-02426